IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.                                          CRIMINAL ACTION NO. 3:01-00257
                                          (Civil Action No. 3:04-924)

WILLIAM J. ENGLE,

        Movant.

## ORDER

Pending before the Court is Movant William J. Engle's Objections to the Findings and Recommendation of the Magistrate Judge in which it is recommended to this Court that Movant's request for relief pursuant to 28 U.S.C. § 2255 be denied. In his objections, Movant argues that he is entitled to relief pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). However, as noted by the Magistrate Judge, Movant's conviction became final on October 6, 2003, and both *Blakely and Booker* were decided after that time.[1] As the Fourth Circuit held in *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005), "*Booker* does not apply retroactively to cases on collateral review." 429 F.3d at 66 (footnote omitted). Movant argues, however, that *Apprendi* should be applied retroactively to his case in order to guarantee his Sixth Amendment rights. Although Movant may disagree with the Fourth Circuit's decision in *Morris*, this Court is bound to follow Fourth Circuit precedent and, therefore, the Court must deny Movant's objection in this respect.

---

[1] *Blakely* was decided in 2004 and *Booker* was decided in 2005.

Likewise, the Court rejects Movant's argument that his counsel was ineffective for not raising *Apprendi* at his sentencing and on appeal.  As recognized by the Magistrate Judge, Movant's sentence of 120 months was well below the statutory maximum.  Thus, *Apprendi* did not apply to this Court's exercise of discretion in sentencing Movant.  Moreover, his counsel's failure to anticipate the *Blakely* and *Booker* decisions cannot provide a basis for relief. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) (stating "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law" (citations omitted)). For the reasons stated by the Magistrate Judge, the Court also denies Movant's objections with respect to his arguments that his counsel was ineffective with respect to an alleged failure to challenge the drug quantities at sentencing and on appeal and with respect to what Movant characterizes as the district court's "impermissibl[e] constructive[] amend[ment] [of] the indictment."  The Court finds that both of these objections are without merit.

Accordingly, upon de novo review, the Court further **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge and **DENIES** Movant's objections.

    ENTER:    March 29, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE